**FREEMAN UNITED COAL MINING COMPANY, Petitioner,**

**v.**

**OFFICE OF WORKERS' COMPENSATION PROGRAMS, BENEFITS REVIEW BOARD, and Sylvia Shelton, Respondents.**

No. 90–1437.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 28, 1992.

Decided Feb. 18, 1992.

Louis R. Hegeman, Kathryn S. Matkov (argued), Gould & Ratner, Chicago, Ill., for petitioner.

Barbara J. Johnson, Donald S. Shire, Sol. Gen., Michael J. Denney, Robert E. Kirschman, Jr., Russell A. Shultis, Dept. of Labor, Office of Sol., Washington, D.C., John H. Secaras, Sol. Gen., Dept. of Labor, Chicago, Ill., Sylvia T. Kaser, Dept of Labor, Black Lung Div., Washington, D.C., for respondent Office of Workers' Compensation Program.

Linda M. Meekins, Benefits Review Bd., Dept. of Labor, Washington, D.C., for respondent Benefits Review Bd.

Harold B. Culley, Jr. (argued), Raleigh, Ill., for respondent Sylvia Shelton, Widow of William Shelton.

Before BAUER, Chief Judge, and POSNER and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

A coal company appeals from an order to pay benefits to a miner's widow under the Black Lung Benefits Act, 30 U.S.C. §§ 901 *et seq.* Because her husband had been a miner for at least 10 years—in fact for 25 years—he was entitled, upon proof by an accepted method that he had a chronic respiratory disease, to a presumption that the disease was pneumoconiosis, that is, black lung disease. 20 C.F.R. § 727.203(a)(2). The burden then shifted to the coal company to prove, if it could, that the miner didn't have pneumoconiosis. 20 C.F.R. § 727.203(b)(4). (There are other ways of rebutting the presumption, but we need not consider them.) On the basis primarily of a report by a board-certified specialist in pulmonary diseases, Dr. Robert M. Senior, attributing the miner's respiratory problems

to heavy cigarette smoking and finding no evidence of coal workers' pneumoconiosis or any other pulmonary consequence of exposure to coal dust, the administrative law judge concluded that the coal company had successfully rebutted the presumption of pneumoconiosis, and he denied the claim for benefits. The Benefits Review Board, however, reversed the administrative law judge, on the strength of our decision in *Taylor v. Peabody Coal Co.*, 892 F.2d 503 (7th Cir.1989), which had in effect invalidated (after the administrative law judge's decision in the present case) the rebuttal provision on which the denial of the claim rested. The coal company appealed the Board's decision, arguing that the invalidation of the rebuttal provision deprived the company of its property without due process of law by preventing it from defending itself against baseless claims. The miner's widow filed a short brief defending *Taylor*.

Before the case could be argued, the Supreme Court decided *Pauley v. BethEnergy Mines Inc.*, — U.S. —, 111 S.Ct. 2524, 115 L.Ed.2d 604 (1991), which upheld the rebuttal provision and, the parties agree, wiped out *Taylor*. At our request, the parties filed supplemental briefs discussing the bearing of *Pauley* on this appeal. The coal company in its supplemental brief asked us to reverse the Benefits Review Board with instructions to reinstate the administrative law judge's decision denying benefits. The miner's widow asked us to remand rather than reverse, in order to give the Board a chance to consider the bearing of another intervening decision, our *Chastain v. Freeman United Coal Mining Co.*, 919 F.2d 485, 488 (7th Cir. 1990), which holds that rebuttal under subsection (b)(4) of the black lung regulations falls short where all it shows is that the miner didn't have pneumoconiosis as a doctor might define the term, since there is also "legal" or "statutory" pneumoconiosis, and its presence must also be negated. Coal workers' pneumoconiosis in the sense in which most physicians use the term refers to a lung disease that produces characteristic markings on a chest x-ray. Roscoe N. Gray & Louise J. Gordy, *Attorneys'*

*Textbook on Medicine* ¶ 205B.20 (1991); Alfred P. Fishman, *Pulmonary Diseases and Disorders* 821–27 (2d ed. 1988). Physicians retained by coal companies add that it is a restrictive lung disease, that is, it impedes breathing in, rather than an obstructive one, such as emphysema, that makes it difficult to breathe out. Cigarette smoking is a common cause of obstructive lung disease, many coal miners smoke heavily, and many have symptoms of obstructive rather than restrictive disease. Not all physicians agree, however, that coal workers' pneumoconiosis is always restrictive rather than obstructive or even than it always produces x-ray abnormalities. Douglas R. Gracey, *Pulmonary Disease in the Adult* 144–47 (1981). Whoever is right, the black lung statute has been interpreted to define coal workers' pneumoconiosis in accordance with the second, the broader, view, as any chronic lung disease caused in whole or part by exposure to coal dust. 20 C.F.R. § 727.202; *Peabody Coal Co. v. Lowis*, 708 F.2d 266, 268 n. 4 (7th Cir.1983). So if in attempted rebuttal of the statutory presumption of pneumoconiosis the coal company tendered a doctor's report which merely stated that the miner had no signs of clinical pneumoconiosis (as that doctor understood the term), without commenting on the possibility that he might have another chronic lung disease caused or exacerbated by inhaling coal dust, the rebuttal would indeed fail. That is all that *Chastain* holds.

■ The claimant has waived an argument based on that holding by having failed to make it when she appealed from the administrative law judge to the Benefits Review Board. *Arch Mineral Corp. v. Director*, 798 F.2d 215, 220 (7th Cir.1986); *Hix v. Director*, 824 F.2d 526, 527 (6th Cir.1987). It is true that *Chastain* hadn't been decided then, but the distinction the case makes between clinical and statutory pneumoconiosis, and the correlative requirement that the administrative law judge make clear whether the coal company has rebutted the second as well as the first, were clearly established in the cases. *Bishop v. Peabody Coal Co.*, 690 F.2d 131,

135 (7th Cir.1982); *Nance v. Benefits Review Board,* 861 F.2d 68, 71 (4th Cir.1988); *Pavesi v. Director,* 758 F.2d 956, 965 (3d Cir.1985); *Shonborn v. Director,* 8 BLR 1–434, 1–436 (1986). *Chastain* broke no new ground. Indeed, the claimant in her supplemental brief makes no claim that it does. She uses the case merely to illustrate her contention that the administrative law judge failed to consider whether a presumption of statutory pneumoconiosis had been rebutted. That was an argument open to her as soon as the administrative law judge rendered the decision from which she appealed, on a wholly different ground, to the Benefits Review Board.

But waiver, unless jurisdictional, is itself waivable. *Thomas v. Indiana,* 910 F.2d 1413, 1415 (7th Cir.1990). The Longshore and Harbor Workers' Compensation Act (which supplies the procedural framework for black lung claims, 30 U.S.C. § 932(a)) does not contain the sort of emphatic (for that matter, any) language, barring save in exceptional circumstances judicial consideration of objections not raised before the agency, that persuaded the Supreme Court in *Woelke & Romero Framing, Inc. v. NLRB,* 456 U.S. 645, 665–66, 102 S.Ct. 2071, 2083, 72 L.Ed.2d 398 (1982), that waiver is a jurisdictional doctrine in judicial review of orders of the Labor Board. Compare 29 U.S.C. § 160(e) with 33 U.S.C. § 921(c). In other settings, such as black lung, the refusal to consider issues not raised before the agency is regarded as an application of the judicially created requirement of exhaustion of administrative remedies, *Hix v. Director, supra,* 824 F.2d at 527; *Saif Corp. v. Johnson,* 908 F.2d 1434, 1440–41 (9th Cir.1990), a doctrine that is not jurisdictional. Exhaustion is not quite the right pigeonhole where, as in this case, the question is whether the claimant, having failed to exhaust his administrative remedies, should be barred from a judicial remedy. The correct pigeonhole is waiver, but however denominated it is a nonjurisdictional, judge-made doctrine. It is a flexible doctrine, too, so that when all the claimant asks for is a remand to permit the agency to consider an intervening decision—a decision the agency couldn't have

considered earlier—the doctrine does not stand in the way. Such a case is one of exceptional circumstances, which even the jurisdictional waiver doctrine of labor recognizes, as do cases such as *Arch Mineral* in describing the parallel doctrine in black lung cases. 798 F.2d at 220.

This is not a case of exceptional circumstances, as we have seen, but we have just established that the doctrine of waiver is waivable, and the coal company has waived it. Its supplemental brief does ask us not to remand in light of *Chastain,* but on the silly ground that our call for supplemental briefs only asked the parties to discuss the bearing of *Pauley.* That order could not reasonably be understood to forbid commenting on other pertinent decisions rendered after the original briefs had been filed—a procedure expressly authorized by Rule 28(j) of the Federal Rules of Appellate Procedure, which applies to review of administrative action as well as to appeals from district courts. Fed.R.App.P. 1(a), 20. The coal company did not argue that the claimant's failure to raise the statutory pneumoconiosis point before the Benefits Review Board precluded our consideration of it.

■ But we do not think a remand is warranted. The administrative law judge accepted the opinion of Dr. Senior which "ascribed the miner's pulmonary problems to his cigarette smoking." If those problems were due to cigarette smoking, they were not due to coal dust, and therefore they were not the result of coal workers' pneumoconiosis however broadly defined. Nor need we rest on deduction, since Dr. Senior said "I do not feel there is a link between Mr. Shelton's medical conditions and his occupational history." Maybe the administrative law judge's opinion can be picked apart, ambiguities discovered, and grounds for a remand developed. But if the claimant's lawyer, an experienced practitioner in black lung cases, were serious about this he would have given us more than one sentence in his supplemental brief—a sentence which merely remarks that in *Chastain* this court "analyzed the distinction between 'statutory' pneumoconi-

osis and 'clinical' pneumoconiosis and how this distinction impacts on rebuttal under (b)(4)." No effort was made to relate this general proposition to the facts of the present case. A lawyer who asks us to remand a case in its thirteenth year must make a stronger showing than that. And he should know that we have no obligation to consider an issue that is merely raised, but not developed, in a party's brief. *Zelazny v. Lyng,* 853 F.2d 540, 542 n. 1 (7th Cir.1988). That is a doctrine designed for our own protection as much as that of an opposing party, and therefore need not be asserted by a party for us to invoke it.

The order of the Benefits Review Board is reversed with instructions to dismiss the claim for benefits.

REVERSED.