124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bessie OLIVER, also known as Snookie, Defendant-Appellant.
 No. 96-2919.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 25, 1997.*
Decided June 26, 1997.
 
 Appeal from the United States District Court for the Southern District of Illinois, No.95 CR 40013; J. Phil Gilbert, Chief Judge.
 Before CUMMINGS, BAUER and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Bessie Oliver was found guilty by a jury of conspiracy to distribute and to possess with intent to distribute cocaine base and cocaine, 21 U.S.C. § 846, being a felon in possession of a firearm, 18 U.S.C. § 922(g), distribution of cocaine to a minor, 21 U.S.C. § 859, and possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1). She was sentenced to life imprisonment for the conspiracy conviction, 10 years' imprisonment for the firearm conviction, 80 years' imprisonment for the distribution to a minor conviction, and 30 years' imprisonment for the possession conviction, all to run concurrently. Oliver then brought this appeal, and we affirm.
 
 
 2
 Oliver's first argument on appeal purports to challenge the sufficiency of the evidence based upon which she was convicted. Her argument, in its entirety, states:
 
 
 3
 During the government's presentation of its case in chief it called numerous informants, co-defendants, and other local persons from the Murphysboro, Illinois area [where Oliver lived] with regards to the alleged criminal conduct of the Defendant-Appellant and the alleged conspiracy. The government's witnesses made statements which, if true, would inculpate Defendant-Appellant. The testimony given by the Government's witnesses was given by them for their own individual intents and purposes and is not credible or reliable. Substantial testimony was elicited from those witnesses, both on direct and cross examination, regarding the granting of immunity in return for testimony at trial, monetary or other benefits paid by the government in connection with the case, their involvement in the commission of the prior crime and their records of prior criminality, and the relationship between their cooperation in presenting testimony in this case with regards to their own negotiated pleas of guilty and hopes for reductions of sentences. One witness, Jo Ella Pearson, the mother of the minor to whom Defendant-Appellant allegedly sold drugs, even stated that she lied when making statements regarding this case. (Transcript of February 22, page 274.)
 
 
 4
 This argument is inadequate to preserve this claim for appellate review. Federal Rule of Appellate Procedure 28(a)(6) states that the argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Oliver's argument fails to indicate which of the prosecution's twenty-three witnesses (other than, perhaps, Ms. Pearson) were so incredible that no rational jury could believe them. It fails to specify which parts of their testimony were beyond the pale of believability. Moreover, thirteen of the government's twenty-three witnesses were local, state or federal law enforcement officers or crime laboratory scientists whose testimony was not subject to the credibility challenges Oliver raises. Oliver fails to explain how--even if we were to accept her argument with respect to the ten witnesses who were codefendants or informants--the testimony of the thirteen law enforcement officers would be insufficient to uphold the verdict. In the absence of any factual basis for or development of this argument, we deem it waived. See Gagan v. American Cablevision. Inc., 77 F.3d 951, 965 (7th Cir.1996) (failure to cite any factual or legal basis for an argument waives it); Bratton v. Roadway Package Sys., Inc., 77 F.3d 168, 173 n. 1 (7th Cir.1996) (argument that is not developed in any meaningful way is waived); Freeman United Coal Mining Co. v. Office of Workers' Compensation Programs, Benefits Review Bd., 957 F.2d 302, 305 (7th Cir.1992). ("[W]e have no obligation to consider an issue that is merely raised on appeal, but not developed in a party's brief"); United States v. Haddon, 927 F.2d 942, 956 (7th Cir.1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim [for appellate review].").[1]
 
 
 5
 Oliver's second argument on appeal challenges her conviction under § 859 for distributing cocaine to a minor. She contends that the district court erred by refusing to give the jury her proffered instruction that to convict her of this charge, it had to find that she knew that the person to whom she sold cocaine was under-age. Although Oliver cites several cases for the proposition that failure to give a proper jury instruction is reversible error, she fails to cite a single case--or make any argument at all--in support of the predicate proposition: that knowledge of the buyer's age is an element of the offense under § 859. On its face, § 859 contains no knowledge requirement; it states simply:
 
 
 6
 [A]ny person ... who violates section 841(a)(1) of this title by distributing a controlled substance to a person under twenty-one years of age is ... subject to [various increased penalties].
 
 
 7
 21 U.S.C. § 859(a).
 
 
 8
 A defendant is entitled to have the court give the jury a proffered instruction only if (among other things) the instruction is a correct statement of the law. United States v. Sotelo, 94 F.3d 1037, 1039 (7th Cir.1996). Oliver makes no argument that her proffered jury instruction was a correct statement of the law. In the absence of any argument or citations to authority in support of her assertion that knowledge of the buyer's age is an element of the offense under § 859, we deem this argument waived as well. Fed. R.App. P. 28(a)(6); see also Gagan, 77 F.3d at 965; Bratton, 77 F.3d at 173 n. 1; In the Matter of James Wilson Assocs., 965 F.2d at 170, Freeman United Coal Mining, 957 F.2d at 305; Haddon, 927 F.2d at 956.
 
 
 9
 Oliver's final argument on appeal is that the district court erred by refusing to depart below the minimum Sentencing Guidelines range pursuant to U.S.S.G. § 5K2.0. According to Oliver, cocaine base and powder cocaine are chemically "the same substance," and it is therefore a violation of due process to treat them differently for sentencing purposes. According to Oliver, this supposed due process violation is a sufficient basis to justify a downward departure under § 5K2.0, and the district court therefore committed reversible error by refusing to depart below the minimum Guidelines sentence.[2] But Oliver makes no claim that the district court erroneously believed that it lacked the authority to depart downward even if mitigating circumstances existed. Thus, this court lacks jurisdiction to review the district court's discretionary refusal to depart downward. See United States v. Jackson, 103 F.3d 561, 572 (7th Cir.1996).[3]
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Moreover, we note that although Oliver styled her argument as a challenge to the sufficiency of the evidence adduced against her at trial, in reality she does nothing more than challenge the jury's determination of the credibility of the prosecution's witnesses. Credibility determinations by juries are not subject to appellate review. United States v. Griffin, 84 F.3d 912, 927 (7th Cir.) ("It is for the jury--not the court of appeals--to judge the credibility of witnesses, and attacks on witness credibility are insufficient to sustain a challenge to the sufficiency of the evidence."), cert denied, 117 S.Ct. 495 (1996)
 
 
 [2]
 Oliver does not state on which of her three cocaine offense convictions the district court should have departed downward. We will assume she is raising this argument with respect to all three counts
 
 
 [3]
 Even if the district court erroneously believed it lacked the authority to depart from the Guidelines, Oliver's argument would still fail for two reasons. First, we have consistently rejected the claim that the disparity between sentences for crack cocaine and powder cocaine violates the Constitution. See United States v. Booker, 73 F.3d 706, 710 (7th Cir.1996) (collecting cases); United States v. Booker, 70 F.3d 488, 490-94 (7th Cir.1995) ("Henry Booker "), cert. denied, 116 S.Ct. 1334 (1996); United States v. Lawrence, 951 F.2d 751, 755 (7th Cir.1991)
 Oliver attempts to distinguish her case from Henry Booker by pointing out that Henry Booker considered whether the terms "cocaine base" and "cocaine" were ambiguous, given the chemical similarities between powder cocaine and crack cocaine. She claims that--in contrast--she is raising a due process challenge to the sentencing differential. But the disparity in sentencing can violate due process only if the terms of the statute are vague or ambiguous, or if the disparity bears no rational relationship to a valid legislative purpose. In Henry Booker, 70 F.3d at 490-94, we rejected the argument that the terms of the statute are vague or ambiguous, and in Lawrence, 951 F.2d at 754-55, we rejected the argument that the disparity bears no rational relationship to a valid legislative purpose. Reading Henry Booker and Lawrence together, we hold that--despite the chemical similarities between crack cocaine and powder cocaine--there are sufficient differences between the two to validate Congress's decision to impose different punishments for possession or distribution of the two drugs. Accordingly, the disparity does not violate due process.
 The second reason Oliver's argument fails is that departures under § 5K2.0 are available only for "atypicalities peculiar to the offender or the particular crime, not class-wide departures based upon the typical offense." Booker, 73 F.3d at 710. Here, Oliver makes no argument that there is anything atypical about her or her offense, she merely raises a class-wide argument regarding the sentencing disparities for cocaine powder and crack. Accordingly, her due process challenge does not state a ground for granting a departure under § 5K2.0.