**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ENERGY WEST MINING
COMPANY,

     Petitioner,

v.

DIRECTOR, OFFICE OF
WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR; CECIL
E. BRISTOW,

     Respondents.

No. 21-9569

_____

**Petition for Review of an Order from the Benefits Review Board**
**(Benefits No. 2020-0513-BLA)**

_____

Submitted on the briefs:\*

William S. Mattingly, Jackson Kelly PLLC, Lexington, Kentucky, for
Petitioner.

Austin P. Vowels, Vowels Law PLC, Henderson, Kentucky, for Respondent
Cecil E. Bristow.

Seema Nanda, Solicitor of Labor; Berry H. Joyner, Associate Solicitor;
Jennifer L. Feldman, Deputy Associate Solicitor; Gary K. Stearman,
Counsel for Appellate Litigation; Steven Winkelman, Counsel for

---

    \* After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in
the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument.

Enforcement; United States Department of Labor, Washington, D.C., for Federal Respondent.

_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

This case involves a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. Under the Act, individuals can obtain benefits for chronic lung diseases that arise out of work in a coal mine and cause a total disability.

Mr. Cecil Bristow suffers from a chronic lung disease, COPD, and attributes it to coal-mine dust from years of working in coal mines. An administrative law judge and the Benefits Review Board agreed with Mr. Bristow and awarded him benefits.[1] His most recent employer (Energy West Mining Company) petitions for judicial review, and we deny the petition.

1.    **An administrative law judge ultimately found satisfaction of all statutory requirements for benefits.**

_____

[1]    Two administrative law judges considered the claim. The first administrative law judge denied benefits, but the Benefits Review Board reversed that denial and remanded for an award of benefits. On remand, another administrative law judge handled the case because the first judge had retired. The newly assigned administrative law found "that [Mr.] Bristow ha[d] established all of the requisite elements of his claim and [was] entitled to benefits under the Act." R. vol. 4, at 60; *see* p. 4, below.

The award of benefits followed two rounds of administrative appeals. In these appeals, the administrative law judges and the Benefits Review Board considered the four elements for benefits: (1) disease, (2) disease causation, (3) disability, and (4) disability causation. *Energy W. Mining Co. v. Est. of Blackburn*, 857 F.3d 817, 821 (10th Cir. 2017).

First, the individual must show affliction with pneumoconiosis, which can be "clinical" or "legal." *See id.* (stating the need to show pneumoconiosis); 20 C.F.R. § 718.201(a) (stating that pneumoconiosis can be "'clinical'" or "'legal'"). "[C]linical pneumoconiosis consists of those lung diseases the medical community refers to as pneumoconiosis." *Andersen v. Dir., OWCP*, 455 F.3d 1102, 1104 (10th Cir. 2006). "In contrast, legal pneumoconiosis encompasses a broader class of lung diseases that are not pneumoconiosis as the term is used by the medical community." *Id.* Legal pneumoconiosis exists only if the claimant has satisfied the second element, disease causation, by showing that a chronic lung disease had arisen out of coal-mine work. 20 C.F.R. § 718.201(a)(2); *Est. of Blackburn*, 857 F.3d at 821.

The administrative law judge found "legal pneumoconiosis,"[2] and this finding remained intact through both rounds of administrative appeals.

---

[2]    The administrative law judge also found clinical pneumoconiosis. Energy West challenged that finding, but the Board declined to address that challenge.

3

R. vol. 1, at 5–7; *id.* vol. 3, at 6–8.[3] Energy West acknowledges the existence of a chronic lung disease, but denies that it arose out of Mr. Bristow's work in the coal mines.

Third, the individual must show a total disability. *Energy W. Mining Co. v. Lyle ex rel. Lyle*, 929 F.3d 1202, 1207–08 (10th Cir. 2019). The administrative law judge found a total disability, and this finding remained intact through both administrative appeals. Energy West doesn't question this finding.

Fourth, the individual must show that the pneumoconiosis was a substantially contributing cause of the total disability. 20 C.F.R. § 718.204(c)(1). The first administrative law judge found that Mr. Bristow had not satisfied this requirement, and the Board reversed. In reversing, the Board concluded that the administrative law judge had applied the wrong test when assessing the cause of Mr. Bristow's disability. The Board applied a different test, concluded that no factual issues existed, and remanded for an award of benefits.

On remand, the second administrative law judge awarded benefits;[4] and the Board affirmed.

---

[3]    The appellate record isn't paginated. We're using the page numbers in the .pdf toolbar at the top of each page.

[4]    *See* p. 2 n.1, above.

**2.     We review the Board's decisions for legal and factual errors.**

We review the Board's decisions rather than the administrative law judge's. *Mangus v. Dir., OCWP*, 882 F.2d 1527, 1532 (10th Cir. 1989). In conducting this review, we consider de novo whether the Board applied the proper legal tests. *Energy W. Mining Co. v. Est. of Blackburn*, 857 F.3d 817, 822 (10th Cir. 2017). And when factual findings are challenged, we consider whether they're supported by substantial evidence. *Spring Creek Coal Co. v. McLean ex rel. McLean*, 881 F.3d 1211, 1217 (10th Cir. 2018).

**3.     The Board didn't err in upholding the administrative law judge's finding of legal pneumoconiosis.**

Legal pneumoconiosis exists when a chronic lung disease arises out of work in a coal mine. 20 C.F.R. § 718.201(a)(2); *see* Part 1, above. Energy West doesn't question the existence of a chronic lung disease (COPD), but does deny that it arose out of work in a coal mine.

Energy West bases this denial on Mr. Bristow's long-time smoking habit. He had smoked cigarettes for over 40 years and had worked in coal mines for only about 6 ½ years. Mr. Bristow's cigarette habit led all of the medical experts to consider smoking the dominant cause of the COPD. But two of the medical experts, Dr. Sanjay Chavda and Dr. Akshay Sood,

5

opined that exposure to coal dust had also substantially contributed to the COPD or had aggravated it. R. vol. 4, at 706, 1361.[5]

Energy West insists that the administrative law judge used the wrong test to assess a causal link between Mr. Bristow's COPD and his exposure to coal dust. For this challenge, Energy West points to the administrative law judge's discussion of Dr. Chavda's opinion. There the administrative law judge considered whether Mr. Bristow's exposure to coal dust had contributed "'at least in part'" to the COPD. R. vol. 4, at 31 (quoting *Arch on the Green, Inc. v. Groves*, 761 F.3d 594, 597–98 (6th Cir. 2014)).

---

[5]     In a deposition, Dr. Chavda testified that Mr. Bristow would have developed COPD even if he'd never worked in a coal mine. Energy West mentions this testimony when denying that Dr. Chavda's opinion could have established legal pneumoconiosis. *See* Petitioner's Opening Br. at 48–49. But the Benefits Review Board relied on Dr. Chavda's medical report, which stated that Mr. Bristow's "impairment [had been] substantially caused and aggravated by working in the coal mines and exposure to coal dust for about 6 ½ years." R. vol. 4, at 51 (internal quotation marks omitted). The Board also noted Dr. Chavda's statements that (1) Mr. Bristow's smoking had constituted the primary cause of his COPD, (2) coal-mine dust exposure had constituted "the second or 'minor' etiology," and (3) "the effects of smoking and coal mine dust were additive." *Id.* These statements led the Board to uphold the administrative law judge's interpretation of Dr. Chavda's opinion as confirmation that "Mr. Bristow's COPD [was] due in part to coal mine dust exposure." *Id.* Energy West disregards the Board's reasoning and much of Dr. Chavda's opinion, and we can't grant judicial relief based on Energy West's selective use of Dr. Chavda's opinion. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that the appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision").

Energy West argues that this test conflicts with the regulations and our precedent. We disagree.

Under the regulations, legal pneumoconiosis turns on whether the COPD had "aris[en] out of coal mine employment." 20 C.F.R. § 718.201(a)(2); *see* p. 3, above. Based on this test, the regulations provide two sources of guidance:

1. The respiratory impairment must be "significantly related to, or substantially aggravated by, dust exposure in coal mine employment." 20 C.F.R. § 718.201(b).

2. The pneumoconiosis must have "ar[i]se[n] at least in part out of coal mine employment." 20 C.F.R. § 718.203(a).

The Sixth Circuit has synthesized these sources of guidance by holding that claimants can prove "legal pneumoconiosis" if the respiratory impairment had been caused in part by work in a coal mine. *Arch on the Green, Inc. v. Groves*, 761 F.3d 594, 597–99 (6th Cir. 2014); *Island Creek Coal Co. v. Young*, 947 F.3d 399, 404–06 (6th Cir. 2020). Similarly, the Seventh and Eleventh Circuits recognize that "legal pneumoconiosis" requires proof only that exposure to coal dust had constituted a partial cause of the respiratory impairment. *See Freeman United Coal Mining Co. v. Dir., OWCP*, 957 F.2d 302, 303 (7th Cir. 1992) (stating that the Black Lung Benefits Act allows benefits for "any chronic lung disease caused in whole or part by exposure to coal dust"); *Stomps v. Dir., OWCP*, 816 F.2d

1533, 1536 (11th Cir. 1987) (stating that the claimant need not prove that his coal mining employment was the "sole cause" of the disease).

Energy West contends that we viewed causation differently in *Andersen v. Director, OWCP*, 455 F.3d 1102 (10th Cir. 2006). But there we didn't address the test for causation. In *Andersen*, "[t]he Board rejected [the claimant's] argument he was entitled to a rebuttable presumption that his COPD [had been] related to coal dust exposure because he proved he worked in a mine for over ten years and was afflicted with COPD." *Id.* On appeal, the claimant argued that the Board had erroneously interpreted the definition of "legal pneumoconiosis" because "the issue of whether [the claimant's] coal-mine employment [had] caused his COPD [was] a separate element of entitlement that [could] be met by invoking the rebuttable presumption, and not part of the definition of legal pneumoconiosis." *Id.* at 1105. But we upheld the Board's decision. *Id.*

Unlike the *Andersen* claimant, Mr. Bristow hasn't invoked a regulatory presumption; and *Andersen* didn't address whether legal pneumoconiosis could exist when exposure to coal dust had constituted only a secondary cause of the impairment.

We agree with the Sixth, Seventh, and Eleventh Circuits. In our view, the regulatory language unambiguously requires only that the respiratory impairment had arisen partly out of work in a coal mine. 20 C.F.R. § 718.203(a). So the work in the coal mines had to bear a significant or

substantial relation to at least part of the reason for Mr. Bristow's COPD. The Board thus didn't err in upholding the administrative law judge's (1) consideration of Dr. Chavda's opinion or (2) finding of legal pneumoconiosis.

**4.    The Board didn't err in reversing the administrative law judge's first decision.**

In the first round of administrative proceedings, the administrative law judge made three findings:

1.    Mr. Bristow had legal pneumoconiosis, consisting of COPD that had arisen at least partly out of his coal-mining employment.

2.    He was totally disabled by his respiratory impairment.

3.    The pneumoconiosis had not been a substantial contributing cause of his disabling impairment.

R. vol. 4, at 31, 33–34, 36–38.

In the first administrative appeal, Mr. Bristow challenged the third finding. The Board reversed that finding, concluding that the administrative law judge had misapplied the regulations. For this conclusion, the Board reasoned that

- the finding of legal pneumoconiosis had left only the question of a causal link between the legal pneumoconiosis and the disability and

- the administrative law judge had improperly broadened the inquiry by considering a causal link between the disability and exposure to coal dust.

9

This broadening of the inquiry was improper, the Board explained, because the finding of legal pneumoconiosis had effectively established a causal link between the COPD and exposure to coal dust.

Energy West contends that the Board misapplied its standard of review and erred on the merits. We reject both contentions.

According to Energy West, the Board was to consider only whether the administrative law judge had substantial evidence for her findings. Generally, the Board considers whether the administrative law judge had substantial evidence for factual findings. 20 C.F.R. § 802.301(a); *see* Part 2, above. But the Board also needed to assess the possibility of a legal error. 20 C.F.R. § 802.301(a); *see* Part 2, above. Misapplying the test on causation would constitute a legal error, and the Board properly considered this issue.

In considering this issue, the Board needed to consider the regulations. Under the regulations, a coal miner qualifies for benefits if pneumoconiosis is a substantial contributing cause of a disabling impairment. 20 C.F.R. § 718.204(c)(1). This provision embeds two causation standards: one for the disease and another for the disability. For the disease, the causal link is part of the inquiry for legal pneumoconiosis: causation exists when exposure to coal dust bore a substantial relation to at least part of the reason for the chronic lung impairment. *See* Part 3, above.

Upon finding legal pneumoconiosis, the administrative law judge had to consider "disability causation." *Energy W. Mining Co. v. Lyle ex rel. Lyle*, 929 F.3d 1202, 1207 (10th Cir. 2019). For disability causation, the agency considers whether "[t]he pneumoconiosis substantially contribute[d] to the miner's total disability." *Id.*

Together, the causation inquiries for the disease and disability were all that was required. So if Mr. Bristow's COPD constituted legal pneumoconiosis, he needed only to show that the legal pneumoconiosis had caused a disability. *See Island Creek Ky. Mining v. Ramage*, 737 F.3d 1050, 1062 (6th Cir. 2013) (stating that the causation question for legal pneumoconiosis also "completed the causation chain from coal mine employment to legal pneumoconiosis which caused [the claimant's] pulmonary impairment that [had] led to his disability").[6] Because

---

[6]     Energy West argues that *Island Creek* is distinguishable because it involved a presumption of disability from pneumoconiosis. We disagree. There the Sixth Circuit addressed whether an employer had rebutted the presumption. 737 F.3d at 1061–62. In addressing the presumption, the court explained that

- all of the medical experts had agreed that a pulmonary impairment caused a total disability and

- the only remaining question in the causal chain was whether the pulmonary impairment had been significantly related to exposure to coal-mine dust.

*Id.* at 1062. The court explained that the administrative law judge had answered the second question because the finding of legal pneumoconiosis had reflected a causal link between work in a coal mine and the pulmonary

Mr. Bristow's COPD was totally disabling and constituted legal pneumoconiosis, the Board correctly found that Mr. Bristow had established "disability causation." The Board thus did not err in reversing the first administrative law judge's denial of benefits.

**5.    The Board didn't err in upholding the administrative law judge's reliance on Dr. Sood's opinion.**

The administrative law judge credited Dr. Sood's opinion, stating that Mr. Bristow's exposure to coal dust had contributed to his impairment. In giving this opinion, Dr. Sood expressed it to a reasonable degree of medical certainty, which he defined as a likelihood of 51% or better.

But Dr. Sood adheres to a stricter standard of certainty for his diagnoses, requiring a probability of 95% or better. Seizing on this standard of certainty, Energy West appealed to the Board, contending that

- the administrative law judge should have rejected Dr. Sood's opinion because it didn't reflect the degree of certainty required for a diagnosis and

- Dr. Sood's opinion was inadmissible as expert testimony under Rule 702 of the Federal Rules of Evidence and Kentucky's common law.

The Board rejected these contentions, concluding that

- the common law and statutory rules of evidence aren't binding,

- Dr. Sood didn't need to apply the same standard of certainty that he used to diagnose his patients, and

---

impairment. *Id.* The Sixth Circuit articulated the inquiry on causation because that inquiry had affected the employer's rebuttal of the presumption. *Id.*

- the administrative law judge had permissibly relied on Dr. Sood's conclusions, which were given within a reasonable degree of medical certainty.

Energy West repeats its arguments here without addressing the Board's reasoning.

Energy West again insists that (1) a 51% degree of certainty isn't enough and (2) Dr. Sood shouldn't apply different standards of certainty for treatment and testimony. Energy West thus argues that Dr. Sood's opinion did not qualify as expert testimony under Kentucky case law and Federal Rule of Evidence 702.

But the regulations do not require administrative law judges to follow the "common law" or "statutory rules of evidence." 20 C.F.R. § 725.455(b).[7] Whatever the common law or statutory rules provide, physicians opining in black-lung cases need only use "'reasoned medical judgment.'" *Tenn. Consol. Coal Co. v. Crisp*, 866 F.2d 179, 185 (6th Cir. 1989) (quoting *Moseley v. Peabody Coal Co.*, 769 F.2d 357, 360 (6th Cir. 1985)); *see Underhill v. Peabody Coal Co.*, 687 F.2d 217, 223 (7th Cir. 1982) (stating that the applicable standard is "'reasoned medical judgment'" rather than "reasonable degree of medical certainty" (quoting

---

[7]    Energy West acknowledges that "20 C.F.R. § 725.455(b) provides statutory rules of evidence are not binding." Petitioner's Opening Br. at 38 n.15; R. vol. 3, at 184 n.10.

20 C.F.R. § 727.203(a)(4)); *Drummond Coal Co. v. Freeman*, 733 F.2d 1523, 1527 (11th Cir. 1984) (stating that the administrative law judge erred by requiring a "reasonable degree of medical certainty" rather than "reasoned medical judgment").

Though Dr. Sood didn't need to express his opinion "with a reasonable degree of medical certainty," he did so anyway. R. vol. 4, at 698. Granted, Dr. Sood measured reasonable certainty by a likelihood of 51% or better. But Energy West doesn't explain the asserted need to express an expert opinion with a likelihood of more than 51%. So the Board didn't err in upholding the administrative law judge's consideration of Dr. Sood's opinion.

**6.     The Board didn't err in upholding the administrative law judge's decision to discount the opinions by Doctors Selby and Castle.**

Energy West also argues that the administrative law judge erred in discounting the opinions of Dr. Jeff Selby and Dr. James Castle about clinical pneumoconiosis. This argument doesn't provide a basis for judicial relief.

Energy West frames the argument as a challenge to the administrative law judge's findings on clinical pneumoconiosis. But we review the Board's decision, not the administrative law judge's. *See* Part 2, above. And the Board didn't base its decision on the administrative law judge's finding of clinical pneumoconiosis. R. vol. 1, at 11 n.11; *see* p. 3 n.2,

14

above. So we decline to address Energy West's argument as it relates to clinical pneumoconiosis.

Energy West also argues that the administrative law judge's findings on clinical pneumoconiosis tainted her findings on legal pneumoconiosis. Because the Board upheld those findings, we address Energy West's challenge as it pertains to legal pneumoconiosis.

Both Dr. Selby and Dr. Castle acknowledged that Mr. Bristow had COPD. But Dr. Selby and Dr. Castle attributed the COPD solely to Mr. Bristow's long-time cigarette habit, downplaying the effect of exposure to coal-mine dust. Dr. Selby reasoned that 6 ½ years of exposure to coal-mine dust wouldn't ordinarily be enough to cause COPD because only an "extremely susceptible host" would develop a lung disease from only five to seven years in a coal mine. R. vol. 4, at 546. The administrative law judge discounted this reasoning, noting that Dr. Selby had "not rule[d] in or out the possibility of impairment" from five to seven years of work in a coal mine. *Id.* at 32.

In the administrative appeal, Energy West argued that the administrative law judge had erred legally by requiring Dr. Selby to "rule out" the possibility that coal-mine dust had contributed to Mr. Bristow's COPD. The Board rejected this argument, reasoning that the administrative law judge had simply given less weight to Dr. Selby's opinion because of

15

his failure to explain why coal-mine dust couldn't have contributed to or aggravated the COPD. *Id.* vol. 1, at 7 n.7.

On appeal, Energy West repeats its argument to the Board but doesn't say how the Board had erred. That omission leaves us without an appellate argument to consider. *See* p. 6 n.5, above (citing *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015)).

Even if the administrative law judge had erred, the error wouldn't be readily apparent, for we've elsewhere upheld similar explanations about physicians' inability to explain why they had ruled out coal-mine dust as a contributor to respiratory disease. *See Energy W. Mining Co. v. Hunsinger*, 389 F. App'x 819, 825 (10th Cir. 2010) (unpublished) (upholding an administrative law judge's explanation that physicians hadn't been able to explain why they had ruled out coal-dust exposure as a possible cause); *Energy W. Mining Co. v. Johnson*, 233 F. App'x 860, 862–63 (10th Cir. 2007) (unpublished) (upholding an administrative law judge's decision to discount the opinions of certain physicians because they hadn't adequately explained "why they [had] ruled out coal-mine employment as a potential cause" of a miner's respiratory disease).

Dr. Castle also opined that exposure to coal-mine dust hadn't contributed to Mr. Bristow's COPD. The administrative law judge questioned this opinion in part based on testing that had reflected Mr. Bristow's reduced forced expiratory volume.

16

In the second administrative appeal, Energy West argued that the administrative law judge had erroneously

- "combine[d] the disability standards" and Dr. Castle's diagnosis of a disease and

- failed to reconcile the effect of cigarette smoke on Mr. Bristow's forced expiratory volume.

R. vol. 3, at 189–90. The Board rejected these arguments, stating:

> With regard to Dr. Castle's opinion, the administrative law judge correctly noted that he concluded that claimant does not have legal pneumoconiosis based, in part, on his view that claimant's markedly decreased FEV1 and severely reduced FEV1/FVC ratio constituted a pattern of impairment that is characteristic of obstruction related to cigarette smoking, not coal dust exposure. The administrative law judge permissibly discounted this aspect of Dr. Castle's opinion as inconsistent with the regulations and the Department of Labor's recognition that a reduced FEV1/FVC ratio may support a finding that a miner's respiratory impairment is related to coal mine dust exposure.

*Id.* vol. 1, at 7-8 (citations omitted).

On appeal, Energy West repeats what it had argued to the Board, again failing to say how the Board had erred. That omission leaves us without a basis to disturb the Board's explanation. *See* p. 6 n.5, above (citing *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015)).

7.    **Conclusion**

The Board didn't err.

In determining whether Mr. Bristow had legal pneumoconiosis, the Board properly applied the regulations to require a showing that the COPD had arisen at least in part out of work in coal mines.

Nor did the Board err in reversing the administrative law judge's first decision. No one had questioned the disabling impact of Mr. Bristow's COPD, and the administrative law judge found a causal link between the COPD and exposure to coal-mine dust. Given that causal link, the Board properly

- limited the remaining issue to causation between legal pneumoconiosis and the disability and

- found causation because the legal pneumoconiosis had been totally disabling.

And the Board didn't err in upholding the administrative law judge's consideration of Dr. Sood's opinion. He used reasoned medical judgment, which is all that's required.

We thus deny the petition for judicial review.